**In re Kenneth P. MAULA, Debtor.**

**Joy DeBELLIS, as Administratrix of the Goods, Chattels and Credits of Louis J. DeBellis, Deceased, Plaintiff,**

**v.**

**Kenneth P. MAULA, Defendant.**

Bankruptcy No. 5–93–00482.
Adversary No. 5–93–0110.

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

March 22, 1994.

Randall W. Turano, Stroudsburg, PA, for debtor.

John V. Salierno, Middle Village, NY, for plaintiff.

Joseph R. Gorman, Tunkhannock, PA, Trustee in Bankruptcy.

### OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

This action is initially before the Court on a Complaint requesting a determination that a debt owed to the Plaintiff in excess of One Million Dollars be declared non-dischargeable pursuant to 11 U.S.C. § 523(a)(6). For the reasons provided herein, the Court denies the Plaintiff's Motion for Summary Judgment.

The facts are as follows. Following a civil non-jury trial, the Supreme Court of the State of New York, County of Bronx, entered a judgment against the Defendant in favor of the Plaintiff in the total amount of Two Hundred Eight Thousand Seven Hundred Seventy–Four Dollars ($208,774.00) plus interest and disbursements. This judgment was subsequently modified on appeal by the Supreme Court, Appellate Division, First Department of the State of New York, amend-

ing the total judgment to One Million Fifty–Eight Thousand Seven Hundred Seventy–Four Dollars ($1,058,774.00). The state court action was initially brought against the Defendant requesting damages arising out of the shooting death of Louis J. DeBellis in July of 1985. The Plaintiff asserts that the debt represented by the state court judgment should be declared non-dischargeable because the acts of the Defendant giving rise to the claim were "willful and malicious" as contemplated in Section 523(a)(6). The argument continues that there are no issues of fact needed to be presented in this case because the facts as contained in the Opinion of Judge Katz of the Supreme Court of New York have become the "law of the case" and are subject to collateral estoppel. Additionally, the Plaintiff argues that the Plaintiff's burden of proof in the civil case was a "preponderance of the evidence" which is the same burden of proof to be applied in dischargeability cases under the Code. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

The Defendant's response draws the Court's attention to the criminal action filed by the State of New York against the Defendant. In short, the Defendant argues that in the criminal trial, which was fully litigated before a jury, the Defendant proved beyond a reasonable doubt that he acted in self-defense and with justification leading to his acquittal. This argument continues that should collateral estoppel apply, it should not apply to the civil trial but, rather, to the stricter burden of proof met by the Defendant in the criminal trial. The Defendant also argues that at the time of the civil trial he was incarcerated and was unable to properly defend the civil action.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, which is made applicable to this proceeding through Bankruptcy Rule 7056, summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hollinger v. Wagner Mining Equipment Co.,*

667 F.2d 402, 405 (3d Cir.1981); *Franklin Federal Savings & Loan Association of Wilkes–Barre v. Ripianzi (In re Ripianzi),* 27 B.R. 15 (Bankr.M.D.Pa.1982). Additionally, "the moving party has the burden of demonstrating the absence of any material factual issue genuinely in dispute." *In re Euro–Swiss Int'l Corp.,* 33 B.R. 872, 11 B.C.D. 113 (S.D.N.Y.1983). The plaintiff must "do more than whet the curiosity of the court, he must support vague accusations and surmise with concrete particulars." See *In re Euro–Swiss Int'l Corp.,* citing *Applegate v. Top Associates,* 425 F.2d 92, 96 (2d Cir.1970). The Third Circuit has made it clear "that courts are to resolve any doubts as to the existence of genuine issues of fact against moving parties." *Hollinger, supra; Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir.1981). In addition, "[i]nferences to be drawn from the underlying facts contained in evidential sources submitted to the trial court must be viewed in light most favorable to the party opposing the motion." *Goodman v. Mead Johnson Co.,* 534 F.2d 566, 573 (3d Cir.1976), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). We find Plaintiff has not met her burden of demonstrating there are no genuine issues as to any materials facts requiring this court to grant a summary judgment in her favor.

At the outset, we note that the preponderance of the evidence is the standard of proof under Section 523(a), Dischargeability Exceptions. See *Grogan v. Garner, supra.* Furthermore, the Principles of Collateral Estoppel apply in bankruptcy cases filed under the current Bankruptcy Code. See *Grogan v. Garner, supra,* footnote 11, 498 U.S. at page 284, 111 S.Ct. at page 658.

As to the particular exception found in Section 523(a)(6), upon which this case is based, the Third Circuit has specifically found that the preponderance of the evidence is the burden that must be met by an objecting creditor. See *In re Braen,* 900 F.2d 621 (3rd Cir.1990).

Section 523(a)(6) provides as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title

does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

■ *In re Braen, supra* at page 626 provides that "... creditors asserting a 'malicious and willful injury' under § 523(a)(6) must prove that the debtor intentionally inflicted the claimed injury, ...". Describing the culpability standard to be applied under Section 523(a)(6), the *In re Braen* Court citing *Collier on Bankruptcy,* provides the following in footnote 4 on page 626:

4. Collier explains the culpability standard under § 523(a)(6):

An injury to an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill-will. The word "willful" means "deliberate and intentional," a deliberate and intentional act which necessarily leads to injury. Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury.

■ The Defendant argues that because the burden of proof in the criminal action was a heightened burden as opposed to that applied in the civil case, the Court should apply collateral estoppel to the findings of the criminal trial where the Defendant met the strictest burden of proof by proving justification and self-defense beyond a reasonable doubt. This argument is actually a subterfuge. We agree fully with the Plaintiff's response that this argument is both inaccurate and misleading.

In the criminal trial, the Defendant had no burden of proof and, therefore, it is inaccurate to assert that the Defendant proved beyond a reasonable doubt he acted justifiably and in self-defense. In the criminal case, it was the state that had to disprove justification beyond a reasonable doubt.

For this reason and in conjunction with our finding that collateral estoppel applies in bankruptcy proceedings, we find that the

Defendant's argument that the court should apply collateral estoppel as to the findings of the criminal court carries no weight and is unpersuasive in the instant matter.

■ With that determination behind us, we now look to the findings of the state civil action to determine whether the elements necessary to a finding of malicious and willful injury were made by the trial court. In support of its Motion for Summary Judgment, the Plaintiff attached a copy of the written opinion by Judge Katz of the Supreme Court of New York following the non-jury trial initiated by Joy DeBellis against the Defendant. After a recitation of the facts, the Court, at page 3 of the decision,

"... finds that the shooting of Plaintiff's (Joy DeBellis) intestate by the decedent was an intentional act resulting in the wrongful death of Plaintiff's intestate. At the time of the shooting of Plaintiff's intestate, the Defendant used more force than reasonably necessary under the circumstances. At the time of the shooting of Plaintiff's intestate, the Defendant was not in danger of death." See ***Exhibit C, page 3, attached to Plaintiff's Motion for Summary Judgment.***

On page 4 of the opinion, after describing the intestate's beating of the Defendant, the Court writes as follows:

It was in retaliation for this beating that defendant later took an illegal gun and shot the decedent in the parking lot. The Court finds that the defendant's claims that he was in fear of his life, or was fearful of threat by the decedent to "blind" him, are not credible, and not substantiated by the evidence, and that the assault by the defendant was not justified.

The Court also finds that the preceding assault upon the defendant by the decedent was also not justified, and was initiated by the decedent without justification. It is also noted that defendant's employee, Julian Forman, testified, uncontradicted by any witness, that a report had been made to the police prior to this shooting, about threats being made against the defendant and his family. As such, this Court finds that defendant has made an adequate

showing on his counterclaim to the extent of establishing that the decedent had assaulted him without provocation or reasonable justification on the day of the shooting.

However, the Court also finds for the plaintiff in respect to the contention that the shooting was not justified or reasonably necessary to protect the defendant, noting that the decedent was shot in the back of the neck, and that he was shot from several feet away. The defendant's testimony that that decedent was exiting his vehicle in a fashion that was somehow menacing to defendant is not credible, as it is clear that defendant was the aggressor at that point and was pursuing Mr. DeBellis with an intention of retaliating for the prior assault. *Exhibit C, page 4, attached to Plaintiff's Motion for Summary Judgment.*

We note that the Defendant has only asked this Court to look to the criminal action rather than the civil action when determining whether to apply collateral estoppel in his favor.

■ The core requirements of collateral estoppel as provided by the Third Circuit in the case of *In re Braen, supra* citing *Matter of Ross*, 602 F.2d 604 (3rd Cir.1979) quoting *Haize v. Hanover Insurance Co.*, 536 F.2d 576 (3rd Cir.1976) are as follows: "(1) the issue sought to be precluded must be the same as that involved in the prior action; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment." This Court finds that the requirements of collateral estoppel have not been met.

As indicated earlier, Section 523(a)(6) provides that for the debt to be discharged, the injury by the Debtor to the entity or property of the other entity must be both willful and malicious. The Court has reviewed the Opinion of the Supreme Court of the State of New York, County of Bronx, and has determined that at best the Court can find that the injury sustained by the Plaintiff's decedent and as caused by the Defendant was an intentional infliction of an injury. The Court

simply cannot find that the injury was "malicious" as required under the dictates of 11 U.S.C. § 523(a)(6).

Based upon the foregoing, the third and fourth requirements of collateral estoppel as expressed by the Third Circuit in the case of *In re Braen, supra,* have not been met and the Court cannot find that the Defendant is collaterally estopped from re-litigating issues raised and determined by the trial court in the state of New York. Furthermore, taking into consideration that the Third Circuit has instructed that the Courts are to resolve any doubts as to the existence of genuine issues of fact against the moving party and that inferences to be drawn from the underlying facts are to be viewed in light most favorable to the party opposing the motion, this Court has no choice but to deny the instant Motion for Summary Judgment.

While this matter has already been pre-tried by this Court earlier in September of 1993, the Court will schedule a Rule 16 Conference on this adversary to be held on ***Thursday May 25, 1994 at 10:00 o'clock A.M.*** in Courtroom No. 1, Federal Building, 197 South Main Street, Wilkes–Barre, Pennsylvania.