**In re Dominick P. CONTE, Debtor,**

**Dominick P. CONTE, Appellant**

v.

**Urmila GAUTAM; Narinder Gautam; U.S. Trustee, Trustee.**

**No. 93–5407.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 17, 1994.

Decided Aug. 30, 1994.

---

John P. Flanagan, Clapp & Eisenberg, Newark, NJ, for appellant.

Urmila Gautam, pro se.

Before: BECKER, HUTCHINSON and COWEN, Circuit Judges

## OPINION OF THE COURT

BECKER, Circuit Judge.

Debtor Dominick Conte, a New Jersey lawyer and the defendant in this case, appeals from a district court order affirming a bankruptcy court order that Conte's debt to plaintiffs Urmila and Narinder Gautam arising from a jury verdict against him in a legal malpractice action was not dischargeable. The bankruptcy court held that the debt was not dischargeable because the jury verdict in the previous case established that his conduct was "willful and malicious" within the meaning of 11 U.S.C. § 523(a)(6). Under § 523(a)(6), willful and malicious injuries are not dischargeable in bankruptcy. At issue on the appeal is whether the jury's verdict

has issue preclusive effect on the question whether Conte's actions were willful and malicious.

■ One of the core requirements of issue preclusion under New Jersey law is that the issue sought to be precluded is the same as was litigated in the previous action. *See In re Braen,* 900 F.2d 621, 628 n. 5 (3d Cir.1990). We conclude that the jury's finding on which the preclusion ruling was based, i.e., that Conte acted: (1) with knowledge that the Gautams faced a high probability of harm, and (2) with reckless indifference to the consequences, does not constitute a finding of "willful and malicious injury" within the meaning of § 523(a)(6). An injury is willful and malicious under the Code only if the actor purposefully inflicted the injury or acted with substantial certainty that injury would result. Thus, we will vacate the order of the district court and direct it to remand the case to the bankruptcy court to conduct an adversary proceeding on whether the injury was willful and malicious within this frame of reference.

### I.

The Gautams hired Conte to represent them in a medical malpractice action. Conte failed to comply with discovery requests, and the New Jersey Superior Court eventually dismissed the case for that reason. Conte, however, did not inform the Gautams of this dismissal, and, by the time they became aware of it, the time had passed to have the case reinstated. The Gautams sued Conte for legal malpractice and a New Jersey Superior Court jury found for the Gautams. It awarded them $520,000 in compensatory damages and $1 million in punitive damages. The jury's award of punitive damages was grounded on its affirmative answer to the following interrogatory:

It has been admitted by Mr. Conte that as of June 1980 he was aware that his client's case against Dr. Gerry Brown had been dismissed by the court.

Do you find that he deliberately omitted informing his clients of the fact that their case was dismissed with knowledge of a high degree of probability of harm to Mr.

and Mrs. Gautam and reckless indifference to the consequences of his omission?

Four months after the jury's verdict, Conte filed a Chapter 7 bankruptcy petition. The Gautams then filed an adversary complaint asserting that the debt was nondischargeable under § 523(a)(6) of the Bankruptcy Code, which excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The bankruptcy court granted summary judgment for the plaintiffs on the dischargeability issue holding that the jury's finding that Conte failed to notify the Gautam's of dismissal of their action (i) with knowledge that the Gautams faced a high probability of harm and (ii) with reckless indifference to the consequences of his action, collaterally estopped Conte from claiming that his debt did not fall into the exception for willful and malicious injury.

Conte appealed. He asserted that the jury's answer to the interrogatory was not preclusive because: 1) the bankruptcy court failed to accord him an adequate hearing; 2) the issue decided in the jury trial was not the same issue as the one in bankruptcy court; and 3) he did not have a full and fair opportunity to litigate the issue at the jury trial because he had represented himself, and his illness at the time had prevented him from aggressively defending the action. The district court rejected these contentions and affirmed the order of the bankruptcy court. Conte advances these same contentions on this appeal. We address only his second contention: whether the issue on which the jury verdict was based is the same as that addressed in the bankruptcy court.

### II.

In common law tort cases, willfulness has generally been equated with recklessness, which requires taking an action in disregard of a significant risk. According to Prosser and Keeton, "[t]he usual meaning assigned to 'willful,' 'wanton' or 'reckless' ... is that the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would

follow ..." W. Page Keeton et al. *Prosser and Keeton on the Law of Torts* § 34, at 213 (5th ed. 1984). And maliciousness requires either that an act be wrongful (without just cause or excuse) or that the act be done based on an evil motive.

Prior to 1978, consistent with the common law cases, courts held that acts were willful and malicious within the meaning of the bankruptcy code so long as they were reckless and performed without good cause or excuse. They based their holdings on *Tinker v. Colwell*, 193 U.S. 473, 487, 24 S.Ct. 505, 509, 48 L.Ed. 754 (1904), in which the Supreme Court held that under the 1898 Bankruptcy Act

> a willful disregard of what one knows to be his duty, an act which is against good morals, an act likely to cause injury, and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done willfully and maliciously, so as to come within the exception.

Courts interpreted *Tinker* "to stand for two propositions: first, that the term willful can include reckless disregard of a duty, and second, that constructive or implied malice was sufficient to establish malice under the exception, and that a showing of special malice was not required." *St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1009 (4th Cir.1985) (internal quotation omitted).

The landscape has changed in the wake of the 1978 Bankruptcy Code. Although the language of the 1898 Act was imported into the 1978 Code, the House Judiciary Committee's report accompanying the bill made clear that recklessness was no longer to be the standard. It stated that " 'willful' means deliberate or intentional. To the extent that *Tinker v. Colwell*, ... held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a 'reckless disregard' standard, they are overruled." H.R.Rep. No. 595, 95th Cong., 2d Sess., at 365, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5963, 6320–21. *See also* S.Rep. No. 989, 95th Cong., 2d Sess., 79, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5864.

While this legislative history excludes recklessness, it does not state exactly what is required. "The bankruptcy courts that have decided this matter have been divided as to whether the statute requires an intentional act that results in injury or an act with intent to cause injury." *Perkins v. Scharffe*, 817 F.2d 392, 393 (6th Cir.1987). Moreover, the meaning of either of these two interpretations is not self-evident. By stating that the statute requires an act with intent to cause injury, some courts seem to require that the purpose of the defendant's act be to injure. *See, e.g., In re Hartley*, 869 F.2d 394, 395 (8th Cir.1989) (the Bankruptcy Code requires that defendant intended to cause injury—throwing a firecracker into a gasoline-fume filled basement as a joke is not enough); *In re Compos*, 768 F.2d 1155, 1159 (10th Cir. 1985) (intentionally driving vehicle while under the influence of alcohol constitutes recklessness but does not mean the injury caused was intentional as is required by the Bankruptcy Code); *Cassidy v. Minihan*, 794 F.2d 340, 344 (8th Cir.1986) (drunk driving is reckless but does not show an intent to cause injury). These courts, however, do not explicitly exclude the possibility that if a defendant acts with the knowledge that there is a substantial certainty of causing injury, this would constitute an act with intent to cause injury.

Similarly, those courts that have held that the statute requires only an intentional act that results in injury have not made clear the meaning of this requirement other than the fact that there is no requirement of a purpose to injure. Indeed, some courts seem to require only an intentional act that has a high probability of producing harm. *See, e.g., Perkins*, 817 F.2d at 394 (a debt based on a doctor's unnecessary injection of a patient with an unsterile needle or contaminated medication, failure to perform timely tests when infection was apparent, and decision to ignore tests that identified the appropriate treatment was nondischargeable because it was based on deliberate acts performed without just cause or excuse even absent personal hatred or ill will); *In re Franklin*, 726 F.2d 606, 610 (10th Cir.1984) (a doctor's debt based on prescribing anesthetic without a patient history, the provision of too much

anesthesia, and the cover up of records of the surgery necessarily resulted in injury under the conditions present in this situation and is therefore nondischargeable).[1]

Other courts seem to require an act that will almost certainly produce harm. *See In re Cecchini*, 780 F.2d 1440, 1443 (9th Cir. 1986) (wrongful conversion of funds was non-dischargeable even though the defendants had thought they were owed the money because "a wrongful act such as conversion, [that is] done intentionally, necessarily produces harm and is without just cause or excuse" is willful and malicious "even absent proof of a specific intent to injure"); *In re Muhammed*, 135 B.R. 294, 297 (Bankr. N.D.Ill., 1991) (failure by lawyer to pursue motions to set aside default judgments when he knew this would lead to harm constitutes willful and malicious conduct).

In our view, on this record, issue preclusion could not be applied to the jury finding under either the interpretation requiring that the debtor have acted with the purpose of producing injury or the interpretation requiring that the debtor have acted with substantial certainty of producing injury. The jury's finding that Conte acted deliberately with knowledge of a high degree of probability that his clients would be harmed and reckless indifference to the consequences was not a finding that his acts had a substantial certainty of producing injury (high probability is less than substantial certainty), and was certainly not a finding that he acted with the purpose of causing injury. Thus, the only interpretation of "willful and malicious injury" in the caselaw that would justify the Gautams' position is the one that holds debts nondischargeable if the debtor deliberately committed a wrongful act with a high probability of producing injury. But such an interpretation is certainly incorrect, and to the extent some courts have accepted it, we .disagree. Such an interpretation does not fulfill Congress' intent to require more than recklessness, because all reckless acts fit within it.

All reckless acts involve an intentional act that is wrong (because it is reckless) and that is significantly likely to lead to injury. For an act to be reckless "it is enough that [the actor] realizes or, from facts which he knows, *should realize* that there is a strong probability that harm may result, even though he hopes or even expects that his conduct will prove harmless." *Restatement (Second) of Torts* § 500, Cmt. f (1965). *See also* Prosser & Keeton, *supra* § 8 at 36. Thus, when Congress required more than recklessness for nondischargeability, it required that the debtor have engaged in conduct more culpable than taking a deliberate action that had a high probability of producing harm. This result is also supported by the statutory language under which "willful" modifies injury; for an injury to be willful it surely must be more than a highly likely but unintended result of the debtor's action. Rather, for the injury to have been "willed" by the debtor, it must at least have been substantially certain to result from the debtor's act. Thus, the jury's finding that Conte acted with knowledge of a high probability of harm to his clients does not collaterally estop him from claiming that his actions .did not constitute a willful and malicious injury, and hence the order of the district court affirming the order of the bankruptcy court must be reversed.

### III.

The final question we must address is whether on remand the Gautams must prove that Conte acted with the purpose of causing them injury or merely that he acted with substantial certainty of causing them injury. We hold that actions are willful and malicious within the meaning of § 523(a)(6) if they either have a purpose of producing injury or have a substantial certainty of producing injury.

The Congressional Committee reports which stated that to be "willful and malicious" an action must be more than reckless also stated that " 'willful' means deliberate or intentional." *See supra* at 5. Although it

---

1. *Franklin* states that the requirement is that the debtor's act must have necessarily produced injury, but the fact pattern of the case suggests that the court only required that the act have a high probability of producing harm.

would be plausible to argue that an injury is intentional only if the actor desired to cause the injury, under the common law "[t]he word 'intent ... denote[s] that the actor desires to cause consequences of his act, *or* that he believes that the consequences are substantially certain to result from it.'" *Restatement (Second) of Torts* § 8A (1979) (emphasis added).

> Intent is not ... limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result. As the probability that the consequences will follow decreases, and becomes less than substantial certainty, the actor's conduct loses the character of intent and becomes mere recklessness ...

*Id.* at § 8A, Cmt. b.

■■■ Congress legislated within the context of this common law background and thus likely had it in mind when it equated willfulness with intent. Hence, actions that are substantially certain to cause injury constitute willful injury within the meaning of § 523(a)(6). And we do not think that the requirement of "maliciousness" changes the statute's mandate in such a way as to require that the defendant's purpose was to injure. While it is true that "[s]ome courts ... have thought that Congress meant to overrule *Tinker's* holding concerning malice as well as willfulness and have held that specific malice is now required under § 523(a)(6)," we agree with other courts which "have held that, because Congress only explicitly referred to the 'willful' prong of the *Tinker* holding, the malice prong is intact and no showing of specific malice is required." *St. Paul Fire & Marine Ins.*, 779 F.2d at 1009 (holding that malice merely requires a wrongful act without excuse but does not require ill will).

> To require specific malice or some other strict standard of malice for non-dischargeability of a debt ... would undermine the purposes of that provision and place a

nearly impossible burden on a creditor who wishes to show that a debtor intended to do him harm. To require such specific malice would restrict § 523(a)(6) to the small set of cases where the debtor was foolhardy enough to make some plainly malevolent utterance expressing his intent to injure his creditor.

*Id.* at 1009–10 (internal quotation omitted). Thus, a debtor's actions are willful and malicious within the meaning of § 523(a)(6) where those actions were substantially certain to result in injury or where the debtor desired to cause injury.

Finally, we are bound by *In re Braen*, 900 F.2d 621 (3d Cir.1990) which also seems to define willful and malicious injury to include wrongful actions taken with substantial certainty of producing injury. In that case we held that "creditors asserting a 'malicious and willful injury' under § 523(a)(6) must prove that the debtor intentionally inflicted the claimed injury." *See id.* at 626. While on the surface this holding implies that the debtor is required to have had the purpose of inflicting injury, the *Braen* panel explained the meaning of "intentionally inflicted the claimed injury" by quoting a leading bankruptcy treatise which essentially advocates the standard we have adopted. *See id.* at 626 n. 4. The treatise states:

> An injury to an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill-will. The word 'willful' means 'deliberational act which necessarily leads to injury. Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury.

3 Roy Babitt, et al, *Collier on Bankruptcy* § 523.16[1] (Lawrence King ed. 15th ed. 1989).[2] Under this language, an act done intentionally which necessarily produces harm (or in our formulation is substantially

---

2. Although Collier says that the act is willful if it necessarily produces harm, we presume that this is the equivalent of "is substantially certain to

produce harm." Otherwise, no acts would meet the formulation because no act will *definitely* produce harm—all effects are probablistic.

certain to produce harm) constitutes willfully inflicted injury.[3]

In sum, the Bankruptcy Code requires at least a deliberate action that is substantially certain to produce harm. The jury's finding that Conte's actions had a high probability of producing harm to the Gautams does not establish that his conduct was substantially certain to produce such injury. Therefore, we will vacate the district court's order and remand the case to the district court with instructions to remand to the bankruptcy court for the purpose of conducting an adversary proceeding to determine whether Conte's conduct had the purpose of producing injury or was substantially certain to produce injury.

---

**3.** Some of the language in *Braen* implies that there is no need for substantial certainty that the act would produce injury. In holding that a jury finding of malicious prosecution collaterally estopped defendant from asserting that his actions fell outside § 523(a)(6), the panel stated that "[t]hese instructions, taken as a whole, clearly required the jury to find that Braen acted intentionally and with an improper motive when he wrongly asserted that Laganella had rigged bids." *Braen*, 900 F.2d at 627. Although the panel does not refer to the requirement that the intentional act be substantially certain to produce injury, we think that this was because Braen's challenge was that the jury had not found his actions to have caused malicious injuries rather than asserting that the jury had not found willfulness. Moreover, when the panel required an intentional act, we think that what it meant was that there had to be an act the purpose of which was to produce injury or which was substantially certain to produce injury. That is why *Braen* quoted the language from *Collier*. In *Braen* itself the jury findings that the defendant was responsible for bringing the prosecution against the plaintiff without probable cause was sufficient to preclude the defendant from claiming that there was not substantial certainty that his actions would cause injury.