In re James F. PUGLIESE, Debtor.

SEARS, ROEBUCK & COMPANY,
Plaintiff,

v.

James F. PUGLIESE, Defendant.

Bankruptcy No. 5–95–01582.
Adversary No. 5–95–00572A.

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

July 15, 1997.

174

Raymond Ferrario, Scranton, PA, for debtor.

Charles Phillips, Wyomissing, PA, for Sears.

## OPINION AND ORDER [1]

JOHN J. THOMAS, Bankruptcy Judge.

On December 29, 1995, Sears, Roebuck & Company, the Plaintiff, filed a Complaint to designate certain debts incurred by James F. Pugliese, the Debtor, as nondischargeable pursuant to 11 U.S.C. § 523(a)(6). A trial regarding the dischargeability of the debt owed to Sears, Roebuck & Company was conducted on August 27, 1996. After reviewing the pleadings and the transcripts, the facts of this case are as follows.

On two occasions, the Debtor executed credit applications with the Plaintiff, who in turn extended credit to the Debtor in the form of two revolving charge accounts. Debtor was granted use of these two accounts to charge purchases at Sears retail stores in exchange for his agreement to repay the purchase price plus finance charges. During the period of August 23, 1993 through February 22, 1995, the Debtor accumulated $7,073.30 in charges for the following hardline items:

Revolving Charge Account # 1

| 10/24/94 | Canon BU200E | $ 431.85 |
| 11/30/94 | Software | $ 218.32 |
| 12/24/94 | Camcorder | $ 985.78 |
| 2/11/95 | TV/Deep Cleaner | $ 900.98 |
| | TOTAL | $2,532.93 |

Revolving Charge Account # 2

| 8/23/93 | VCR | $ 454.73 |
| 12/31/93 | Hoover Vacuum | $ 211.99 |
| 11/5/94 | Computer Components | $2,236.59 |
| 12/94 | 3 Phones, Canon Taple [sic] Top Stereo | $1,031.27 |
| 2/22/95 | TV, SNY, KFC800 | $ 296.67 |
| 1/95 | 13"LXI TV, 2 Phones, TV | $ 688.85 |
| | TOTAL | $4,536.37 |

With each purchase of merchandise, the Debtor had to sign a sales invoice stating:

"Purchased under my Sears charge agreement incorporated by reference. I grant Sears a security interest in this merchandise until paid, unless prohibited by law." (Transcript of 8/27/96 at 11.)

The Plaintiff claims the sales invoice constituted a valid security agreement granting Sears a security interest in the merchandise purchased by the Debtor. *See In re Hance,* 181 B.R. 184 (Bankr.M.D.Pa.1993). However, the Debtor testified he did not read the sales invoice prior to signing it nor did he have an understanding of any security agreement when he signed the receipt at the time of purchase. (Transcript of 8/27/96 at 12, 22.) After reading a portion of the sales invoice into the record, the Debtor agreed the language appeared to give Sears a lien in the merchandise he purchased. (Transcript of 8/27/96 at 12.)

The Debtor continued to make monthly payments until May of 1995. During the period of 1992 through November 1994, the Debtor worked as a salesman earning approximately $28,000 per year at his father's Italian food brokerage, James Pugliese Company. In November of 1994, James Pugliese Company went out of business. The Debtor received unemployment compensation until May 1995. He resumed employment in October of 1995 working for Hadden Craftsman.

On September 26, 1995, the Debtor filed for bankruptcy under chapter 7 of the Bankruptcy Code. Much of the merchandise purchased by the Debtor was sold at various times prior to the filing of the petition. The Plaintiff was not notified prior to the sale of the merchandise nor were any of the proceeds from the sale paid to Plaintiff to reduce the amount of indebtedness owed to it. The Debtor testified the money obtained from the sale of the merchandise was used to purchase drugs during a period of time when he was addicted to drugs. The only item the Debtor retained was the Hoover vacuum cleaner which is currently inoperable. The Plaintiff withdrew its claim for indebtedness owed on

---

1.  Drafted with the assistance of Susan E. Battisti, Extern Law Clerk.

the vacuum cleaner, but contends that 11 U.S.C. § 523(a)(6) precludes the Debtor from obtaining discharge on the remaining debt in this case.

The purpose of the Bankruptcy Code is to provide the honest but unfortunate debtor with a fresh start by relieving the debtor from indebtedness. Section 523(a)(6) excepts from discharge a debt for "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). This exception to the general discharge provision was intended to safeguard the fresh start policy from abuse. *In re McGuffey*, 145 B.R. 582 (Bankr.N.D.Ill.1992). As enunciated by the United States Supreme Court and further embellished by the Third Circuit, when a creditor challenges the dischargeability of a debt, it is incumbent upon that creditor to prove by a preponderance of the evidence the debtor willfully and maliciously injured the creditor or his property. *Grogan v. Garner*, 498 U.S. 279, 288, 111 S.Ct. 654, 660, 112 L.Ed.2d 755 (1991); *In re Braen*, 900 F.2d 621 (3rd Cir.1990); *In re Grubb* (*DeMarco v. Grubb*), 1996 WL 230019, at *2 (E.D.Pa. May 3, 1996).

*In re Braen* represents the Third Circuit's decree that when advocating to avoid discharge under § 523(a)(6) a creditor must prove the debtor intentionally inflicted the claimed injury. The issue was whether a New Jersey state court judgment against a debtor was excepted from discharge as a willful and malicious injury pursuant to § 523(a)(6) of the Bankruptcy Code.

Several courts in the Third Circuit have set forth the legal principles that govern claims brought under § 523(a)(6). The hallmark of "willful" conduct is deliberate and intentional action which necessarily leads to injury. *In re Maula*, 166 B.R. 49, 52 (Bkrtcy.M.D.Pa.1994). Malicious conduct is signified by behavior employed with "conscious disregard of one's duties or without just cause or excuse." *In re Galizia*, 108 B.R. 63, 69 (Bankr.W.D.Pa.1989). The Third Circuit Court of Appeals conjoined these two principles and held a debtor's actions are willful and malicious if furnished with "the purpose of producing injury or substantial certainty of producing injury." *In re Conte*, 33 F.3d 303, 307 (3rd Cir.1994). Thus, to except the debt owed to the Plaintiff from discharge, the Plaintiff must show that the Debtor acted deliberately and with substantial certainty that his actions will produce injury. *Id.* at 307–309.

In dicta, the *Conte* court assented to the legal affirmation of various bankruptcy courts which held § 523(a)(6) does not require a showing of specific malice. *Id.* at 308. However, this artful language does not relieve the creditor from the burden of establishing by a preponderance of the evidence a debtor acted with some degree of culpability. If this Court were to tender a ruling in favor of nondischargeability where the debtor acted in a careless manner, without the realization that his actions were injurious to the creditor, the relevancy of the word "malicious" in § 523(a)(6) would be frustrated.

Plaintiff's post-trial brief includes citation to *In re DeMarco*, 1996 WL 230019, at *2 (E.D.Pa. May 3, 1996). This appellate court case supports our position. Christine DeMarco successfully obtained a $30,000 judgment against her former boss, Thomas Grubb, in an action alleging wrongful misrepresentation of the character of a check. Sometime afterward, Mr. Grubb filed a chapter 7 bankruptcy petition. Ms. DeMarco filed an adversary proceeding to except from discharge the debt owed to her by Mr. Grubb. The bankruptcy court used *Conte* as the controlling authority for this matter and quoted a state court jury finding to specifically illustrate § 523(a)(6) does not except discharges based upon recklessness. The jury finding read that Conte acted with "Knowledge of a high degree of probability of harm and reckless indifference to the consequences." *Id.* The United States District Court affirmed the bankruptcy court's decision holding, "Under *Conte* § 523(a)(6) does not except debts that are the product of reckless injury to the debtor." *Id.* at *3.

The Plaintiff advocates Sears was willfully and maliciously injured by the Debtor. It asserts the Debtor disposed of assets in which Sears possessed a security interest, failed to remit proceeds from the sales of the

collateral to Sears, and utilized the proceeds to purchase drugs in support of Debtor's drug addiction. Further, the Plaintiff charges this was done without the knowledge or consent of Sears, in direct disregard for their security interest, absent justification or excuse from the Debtor, and certain to cause substantial injury to Sears. We disagree.

Although the Debtor testified he disposed of certain items purchased with his Sears credit card to feed his drug addiction, this Court is not convinced the Debtor's actions constitute malicious injury. During cross examination, the Debtor correctly articulated the concept of mortgage foreclosure and security agreements. However, the Debtor's testimony reflects he did not read the security clause contained in the sales invoice prior to signing it. The mere conveyance of property encumbered by Plaintiff's purported security interest does not in itself constitute malicious injury. *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 332, 55 S.Ct. 151, 153, 79 L.Ed. 393, 396 (1934), *In re Rooney,* 121 B.R. 478, 479 (Bankr.W.D.Pa.1990), *In re Horldt,* 86 B.R. 823, 827 (Bankr.E.D.Pa.1988).

Furthermore, Plaintiff contends the Debtor's actions were substantially certain to cause injury. The supplemental brief filed by Debtor's counsel highlights facts which nullify its contention. During the period from 1992 through November of 1994, the Debtor made purchases on his credit card while earning an average of $28,000 per year. The remaining purchases were made while the Debtor was receiving unemployment compensation. The Debtor continued to honor his monthly credit card bill from Sears until June of 1995. Debtor's unemployment compensation ended in May of 1995. The Debtor filed for bankruptcy four months later and procured employment the following month. The Debtor's testimony also indicates he kept a ledger of the amount of debt he owed to his creditors and intended to repay his debt. The Plaintiff has not established the Debtor sold the merchandise with the purpose of producing harm or the knowledge that he was substantially certain the sale of the merchandise would injure Sears. Furthermore, the Plaintiff has not demonstrated how the disposition of this collateral caused injury to Sears. Without further proof, this Court finds Debtor's actions did not result in willful and malicious injury to Sears. Accordingly, the Plaintiff's claim fails, § 523(a)(6) does not except the Debtor's debt from discharge.