In re George M. COLE, Debtor.

George M. COLE, Appellant,

v.

Ronald D. PARSON, Appellee.

CIV.A. No. 2:95–294–J.

United States District Court,
N.D. Texas,
Amarillo Division.

Oct. 1, 1998.

Steven Lee Hoard, Jeanette Kelley Ahlenius, Mullin, Hoard & Brown, Amarillo, TX, for Appellant.

Bonnie J. Schomp, Law Office of Bonnie J. Schomp, Oklahoma City, OK, Charles G. White, Conant, Whittenburg, French & Schachter, Amarillo, TX, for Appellee.

## MEMORANDUM OPINION AND ORDER

ROBINSON, District Judge.

This bankruptcy appeal address the Bankruptcy Court's denial of a discharge in bankruptcy on a debt owed by Appellant George M. Cole, D.O., to Appellee Ronald D. Parson. For the following reasons, the decision of the Bankruptcy Court is AFFIRMED.

### Background

Dr. George Cole performed back surgery on Ronald Parson in 1986. The surgery did not help Mr. Parson. Mr. Parson then went to Dr. Dan Butler and Dr. Barry Pollard for treatment of his pain. Both physicians told Mr. Parson that the surgery performed by Dr. Cole was unnecessary. Mr. Parson sued Dr. Cole for malpractice.

On September 10, 1990 in Oklahoma, Mr. Parson and Dr. Cole entered into an agreed journal entry of judgment reciting that there was "clear and convincing evidence presented ... that Defendant George M. Cole acted with reckless disregard for the safety of his patient, Plaintiff Ronald Parson, by performing an unnecessary surgery upon him which caused permanent injury." Pursuant to the agreed judgment Dr. Cole was to pay Mr. Parson $300,800.00 over a period of time.

At some point in time Dr. Cole left Oklahoma and came to practice in Texas. He filed a Chapter 7 bankruptcy proceeding on April 3, 1991, in Amarillo, Texas. He sought to discharge the debt owed to Mr. Parson, as well as other medical malpractice debts. A trial on the merits was held on July 12, 1995. Live testimony was received from Dr. Cole, Mr. Parson, a Dr. Dan E. Butler from Enid, Oklahoma, and a Dr. Mark W. Scioli from Lubbock, Texas. The opinions of the experts conflicted. Drs. Cole and Scioli were of the opinion the surgery was necessary but unsuccessful. Dr. Butler was of the opinion that the surgery was unnecessary and unsuccessful because the disk removed by Dr. Cole was not abnormal but in fact was normal, unremarkable, and should not have been removed.

The Bankruptcy Court found that Dr. Cole intentionally and without just cause or excuse performed unnecessary surgery on Mr. Parson that caused him permanent injury. The Court below found that when Dr. Cole discovered the disk in question was normal he could have and should have minimized the injury by stopping the surgery, but that Dr. Cole did not do so and instead removed the disk. The Court concluded that this performance of unnecessary surgery constituted willful and malicious injury, and that pursuant to 11 U.S.C. § 523(a)(6) the debt owed by Dr. Cole to Mr. Parson is not discharged in bankruptcy. Dr. Cole timely appealed.

### Issues on Appeal

Dr. Cole advances three basic issues. First, whether the Court below erred in holding Mr. Parson's agreed judgment against Dr. Cole to be nondischargeable under 11 U.S.C. § 523(a)(6) because there was no evidence, or in the alternative there was insufficient evidence, to support a finding of "willful and malicious" conduct on the part of Dr. Cole. Second, whether the Court below erred in finding that Dr. Cole intentionally, and without just cause or excuse, performed unnecessary surgery upon Mr. Parson which caused permanent injury, because there was either no evidence or insufficient evidence to support such findings. Third, whether the Court below erred in finding that performing unnecessary surgery constitutes willful and malicious injury because the Bankruptcy

Code requires that for an injury to be willful and malicious within the meaning of § 523(a)(6) Dr. Cole had to purposefully inflict injury or act with substantial certainty that injury would result.

### Standards of Review

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158.

Upon appeal, Bankruptcy Rule 8013 provides that findings of fact made by the Bankruptcy Court shall not be aside unless clearly erroneous. Legal questions and conclusions of law are subject to a *de novo* review. *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1307 (5th Cir.1985); *In re Missionary Baptist Foundation of America*, 712 F.2d 206, 209 (5th Cir.1983). Under the clearly erroneous standard of review if there are two plausible views of the evidence and one is adopted, the finding cannot be clearly erroneous. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

### Discussion

■ At trial Dr. Butler testified that the back surgery performed by Dr. Cole on Mr. Parson was unnecessary, that the hospital pathology report shows that the disk removed by Dr. Cole was normal and "unremarkable," that removal of a normal disk from one's back is unnecessary surgery, that such unnecessary surgery harms and injures the patient, and that Mr. Parson has been permanently harmed and injured by Dr. Cole's wrongful actions. Dr. Butler's interpretation of the pathology report from that surgery is not unreasonable and supports his opinion. Mr. Parson further testified, without objection, that Dr. Pollard, another of his treating physicians, also told him that his back surgery had been unnecessary.

There is sufficient evidence in the record to support the Bankruptcy Court's findings of fact that the surgery performed on Mr. Parson by Dr. Cole was unnecessary and a wrongful intentional action. There is evidence in the record which supports the finding that when, during surgery, Dr. Cole discovered that the disk in question was not abnormal or injured but was in fact normal and unremarkable he could have and should have not continued the disk removal procedure but instead closed the incision and left well enough alone. Appellant's first two "no evidence" and "insufficient evidence" points are overruled.

■ Given these findings, the Bankruptcy Court did not error in its conclusions of law that the debt is not dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(6). The performance of unnecessary surgery that permanently injures a patient and which the surgeon knows or should have known is wrongful and which the surgeon knows or should have known has a substantial certainty of producing permanent injury is a willful and malicious injury. *In re Conte*, 33 F.3d 303, 306 (3rd Cir.1994). Such surgeries are "tantamount to intentional torts." *In re Adams*, 147 B.R. 407, 414 (Bankr.W.D.Mich. 1992) (citing *In re Woolner*, 109 B.R. 250, 254 (Bankr.E.D.Mich.1990)). Completion of such a surgery by the removal of a healthy disk is a wrongful act intentionally done which necessarily causes harm and which is without just cause or excuse. *Chrysler Credit Corp. v. Perry Chrysler Plymouth, Inc.*, 783 F.2d 480, 486 (5th Cir.1986). It is "an act of an unreasonable character" that was "intentionally done ... in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow." *In re Conte*, 33 F.3d at 305. Debts arising from willful and malicious acts are not dischargeable in bankruptcy.

This Court holds that the Bankruptcy Court's findings of fact are not clearly erroneous, and upon *de novo* review of law concludes that the debt at issue in nondischargeable. Appellant's final issue on appeal is overruled.

### Conclusions

This Court finds that the Bankruptcy Court's findings of fact are supported by the record and are not clearly erroneous. Given this conclusion, the Court finds that Appellant's points of error should be and hereby are overruled. This Court affirms the Bankruptcy Court's holding that the debt owed by

Dr. George M. Cole to Mr. Ronald D. Parson is not dischargeable in bankruptcy.

AFFIRMED.

It is SO ORDERED.