OPINION OF THE COURT
FISHER, Circuit Judge.
Larry J. Granoff appeals from the District Court’s order affirming the bankruptcy court’s order excepting his debt from discharge pursuant to 11 U.S.C. § 523(a)(6). The bankruptcy court determined that Granoff s debt to Kristen Bibus was nondischargeable because it was incurred when he willfully and maliciously injured her. We find that the bankruptcy court properly concluded that, based on the excessive force Granoff intentionally used relative to the petite size of Bibus, his conduct was willful and malicious. Thus, we will affirm the order of the District Court.
I.
As we write only for the parties who are familiar with the factual context and the procedural history of the case, we set forth only those facts necessary to our analysis. *495 In July 2003, Bibus and Granoff were involved in a brief physical altercation at the party of a mutual acquaintance. Bibus, a petite woman weighing under 110 pounds, apparently struck Granoff on his face. Then Granoff, an average-sized man whose weight is undisclosed in the record, slapped Bibus across her face with an open palm. After this incident, Bibus experienced pain and a buzzing sound in her left ear and bleeding from her nose. Granoff sustained no serious injury.
Bibus sought medical treatment the next day, and discovered that she had a nose fracture and a perforation of the tympanic membrane in her left ear, causing a partial loss of hearing. She had closed-reduction surgery on her nose and received treatment for her ear injury for six months. Her resulting medical bills totaled $8,010.41.
As a result of the altercation, Granoff was charged with two counts of simple assault. After trial in December 2003, he was found guilty on one of the counts, a third degree misdemeanor.
In February 2004, Bibus filed a personal injury action against Granoff, alleging injuries from assault and battery, including damages for medical bills, lost wages, pain and suffering, punitive damages, and attorney’s fees. The civil action was directed to compulsory arbitration, and in September 2005, the arbitration panel found in favor of Bibus in the amount of $25,000, though that amount might be modified in the arbitration appeal that has been stayed pending the outcome of this appeal.
Granoff also filed a voluntary petition for Chapter 7 bankruptcy, seeking to have all of his debts discharged. Bibus filed a motion for exception to discharge in the bankruptcy court. In June 2006, the bankruptcy court granted the motion in a written memorandum and order, concluding that Granoff s debt to Bibus was nondischargeable under 11 U.S.C. § 523(a)(6) because Granoff acted willfully and maliciously in striking Bibus with excessive force relative to her small stature, thereby causing the eardrum injury. The District Court affirmed that decision. This timely appeal followed.
II.
The District Court had jurisdiction under 28 U.S.C. § 158(a). We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291. Our review of the District Court’s decision “effectively amounts to review of the bankruptcy court’s opinion in the first instance.” In re Hechinger Inv. Co. of Del, 298 F.3d 219, 224 (3d Cir.2002). Factual findings of the bankruptcy court are reviewed for clear error, while legal determinations are subject to plenary review. In re Fruehauf Trailer Corp., 444 F.3d 203, 209-10 (3d Cir.2006). “Factual findings may only be overturned if they are completely devoid of a credible evidentiary basis or bear no rational relationship to the supporting data.” Id. at 210 (internal alteration, citation, and quotation marks omitted). However, determining dischargeability of a debt arising from willful and malicious injury is a question of law. In re Gerhardt, 348 F.3d 89, 91 (5th Cir. 2003).
Section 523 of the Bankruptcy Code excepts from discharge “any debt ... for willful and malicious injury by the debtor to another entity or to the property of another entity.” 11 U.S.C. § 523(a)(6). A debtor’s actions are willful and malicious under § 523(a)(6) “if they either have a purpose of producing injury or have a substantial certainty of producing injury.” In re Conte, 33 F.3d 303, 307 (3d Cir.1994). Further, “[ljiabilities arising from assault or assault and battery are generally considered as founded upon a willful and mali *496 cious injury and are therefore within the exception.” 4 Collier on Bankruptcy ¶ 523.12[4] (15th ed. rev.2007). The burden is on the creditor to prove willful and malicious injury by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).
Granoff argues that Bibus did not meet her burden of establishing that he engaged in conduct that was substantially certain to produce injury. We disagree. First, Bi-bus is a petite woman, and from the extent of her injuries and resulting medical treatment, the bankruptcy court did not commit clear error when it found by a preponderance of the evidence that Granoff used disproportionate and excessive force in intentionally striking her. Granoff himself concedes that if his “force was enormously out of all sense and proportion as compared with the blows which [he] received, then perhaps [Bibus’s] injury or other serious injury was substantially certain to occur.” (Reply Br. at 13.) Moreover, the fact that Granoff might not have been substantially certain that Bibus’s left tympanic membrane would be perforated does not alter the determination that Bibus established by a preponderance of the evidence that Granoff was substantially certain that his striking her would produce some significant injury. Therefore, the bankruptcy court did not err in concluding that Granoff s conduct was willful and malicious under § 523(a)(6) and Conte, and it correctly excepted his debt to Bibus from discharge.
III.
For the foregoing reasons, we will affirm the order of the District Court.