**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1982
_____

In re: LUANNE MACRI,
                                    Debtor

SARALYN MCQUEEN,
                                        Appellant
                        v.

LUANNE MACRI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-14-cv-05053)
District Judge: Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 22, 2016

Before: FUENTES, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 25, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Saralyn McQueen, proceeding pro se, appeals from an order of the United States District Court for the District of New Jersey affirming an order entered by the United States Bankruptcy Court for the District of New Jersey. We will affirm as well.

## I.

In March 2007, McQueen brought a lawsuit against her neighbor, Luanne Macri, in New Jersey court seeking damages for injuries she had sustained when Macri's two pit bulls attacked and bit her. The parties ultimately settled the matter for $21,886.53. In April 2011, Macri filed a petition for relief under Chapter 7 of the Bankruptcy Code. At that time, she had paid less than half of the settlement award to McQueen.

On June 28, 2011, McQueen commenced an adversary action in the bankruptcy case asking the court to declare Macri's debt to her nondischargeable in accordance with section 523(a)(6) of the Bankruptcy Code, which excepts from discharge any debt incurred "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The Bankruptcy Court conducted a trial to determine whether the settlement award satisfied the criteria of section 523(a)(6), ultimately concluding that it did not. Accordingly, the Bankruptcy Court denied McQueen's request and declared the debt dischargeable. McQueen appealed to the District Court. See 28 U.S.C. § 158(a). Following oral argument,[1] the District Court affirmed. McQueen now appeals to this Court.

_____

[1] Macri did not appear at the argument.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 158(d) and 1291. "Our review of the District Court's decision effectively amounts to review of the bankruptcy court's opinion in the first instance." In re Hechinger Inv. Co. of Del., 298 F.3d 219, 224 (3d Cir. 2002). We review factual findings of the bankruptcy court for clear error, while legal determinations are subject to plenary review. In re Fruehauf Trailer Corp., 444 F.3d 203, 209-10 (3d Cir. 2006). "Factual findings may only be overturned if they are completely devoid of a credible evidentiary basis or bear no rational relationship to the supporting data." Id. at 210 (internal alteration and quotation marks omitted). The question of whether a debt correctly falls within section 523(a)(6) is a question of law. In re Gerhardt, 348 F.3d 89, 91 (5th Cir. 2003).

Section 523 of the Bankruptcy Code excepts from discharge "any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). A debtor's actions are willful and malicious under section 523(a)(6) "if they either have a purpose of producing injury or have a substantial certainty of producing injury." In re Conte, 33 F.3d 303, 307 (3d Cir. 1994). The burden is on the creditor to prove willful and malicious injury by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991).

Upon review, we agree with the District Court's determination that the Bankruptcy Court did not err in denying McQueen's request to declare the settlement award

nondischargeable under section 523(a)(6).  McQueen contends that the lower courts erred in determining that she failed to demonstrate that Macri willfully and maliciously ordered her dogs to attack her.  According to McQueen, the dogs ran "directly at [her,] like somebody sicced them on [her]."  (Tr. 3/16/15, p. 4.)  She also faults Macri for failing to properly contain her dogs, for failing to apologize after the attack, and for having "no compassion or value for human life."  (Br. 9.)  We, like the District Court, sympathize with McQueen for the injuries she sustained.  But we agree with both the District Court and Bankruptcy Court that McQueen did not meet her burden of demonstrating, by a preponderance of the evidence, that Macri willfully and maliciously directed her dogs to attack her; without any additional evidence to support her allegations, her belief that Macri "sicced" the dogs on her is mere speculation.

### III.

We have considered McQueen's remaining arguments in support of this appeal and conclude that they are meritless.[2]  Therefore, we will affirm the judgment of the District Court.

---

[2] To the extent that McQueen accuses the District Court and Bankruptcy Court Judges of bias, she provides no support for this contention.  We have reviewed the record before us and discern no bias.