**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 16-1250

———————

In re: JOSEPH P. MAUZ,
Debtor


WILLIAM LINK; KIMBERLY LINK

v.

JOSEPH P. MAUZ,
Appellant

———————

On Appeal from the Order of the United States District Court
for the Middle District of Pennsylvania
(District Court No. 1-15-cv-01363)
District Judge: Honorable John E. Jones, III

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 19, 2016

———————

Before: MCKEE,* HARDIMAN, and RENDELL, *Circuit Judges*.

(Opinion Filed:  January 13, 2017)

———————

OPINION**

———————

* Chief Judge Theodore A. McKee's term as Chief Judge ended on September 30, 2016.
** This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

MCKEE, *Circuit Judge*.

Joseph Mauz appeals the District Court's order affirming the Bankruptcy Court's decision holding Mauz's $217,100 debt owed to Appellees William and Kimberly Link not dischargeable under 11 U.S.C. § 523(a)(6) because it arose from a willful and malicious injury. For the reasons that follow, we will affirm the ruling of the District Court.

I.

This case arises from ongoing hostility between Mauz and the Links, who were adjoining property owners. Over the years, Mauz filed ten complaints against the Links in state court. Each was either dismissed, withdrawn, or resulted in a finding of not guilty. Mauz also made over thirty complaints against the Links with the local police department and various municipal offices. None of these complaints resulted in charges against the Links. In an apparent attempt to halt Mauz's persistent conduct, the Links sued Mauz in the Court of Common Pleas of York County for intentional infliction of emotional distress. After a bench trial, the Links were awarded $217,000 in damages.

Mauz countered by filing a Chapter 7 petition for voluntary bankruptcy. While Mauz's bankruptcy proceedings were pending, the Links commenced an Adversary Proceeding against Mauz, in which they argued that Mauz could not discharge the state court judgment because it was based on a finding of intentional infliction of emotional distress. The Bankruptcy Court and the District Court agreed with the Links and held that Mauz's debt to the Links was not dischargeable under 11 U.S.C. § 523(a)(6). Mauz appealed.

II.

The Bankruptcy Court had subject matter jurisdiction over the initial proceedings under 28 U.S.C. § 1334(b). The District Court had jurisdiction pursuant to 28 U.S.C. § 158(a)(1). We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. We exercise plenary review over the District Court's appellate review of the Bankruptcy Court's decision and exercise the same standard of review as the District Court in reviewing the Bankruptcy Court's determinations.[2] We review a bankruptcy court's legal determinations *de novo* and its factual findings for clear error.[3] Factual findings may only be overturned "if they are completely devoid of credible evidentiary basis or bear no rational relationship to the supporting data."[4] However, determining dischargeability of a debt arising from willful and malicious injury is a question of law.[5]

III.

Section 523 of the Bankruptcy Code excepts from discharge "any debt" accrued "for willful and malicious injury by the debtor to another entity or the property of another entity."[6] "An injury is willful and malicious under the Code only if the actor purposefully

---

[2] *In re Winstar Commc'ns, Inc.*, 554 F.3d 382, 389 n.3 (3d Cir. 2009).
[3] *In re Michael*, 699 F.3d 305, 308 n.2 (3d Cir. 2012) (quoting *In re Goody's Family Clothing Inc.*, 610 F.3d 812, 816 (3d Cir. 2010)).
[4] *In re Fruehauf Trailer Corp.*, 444 F.3d 203, 210 (3d Cir. 2006) (quoting *Citicorp Venture Capital, Ltd. v. Comm. of Creditors*, 323 F.3d 228, 232 (3d Cir. 2003) (alteration omitted).
[5] *In re Gerhardt*, 348 F.3d 89, 91 (5th Cir. 2003).
[6] 11 U.S.C. § 523(a)(6).

inflicted the injury or acted with substantial certainty that the injury would result."[7] A creditor must prove a willful and malicious injury by a preponderance of the evidence.[8]

Here, the Bankruptcy Court determined in a succinct and well-reasoned opinion that Mauz's "outrageous" number of "spurious" complaints caused emotional and physical injury to the Links and their property and that Mauz had acted willfully with the purpose of injuring the Links.[9]  The District Court agreed,[10] and wisely declined to list Mauz's abuses yet again. Instead, the District Court explained: "[w]hile we could, as [the bankruptcy judge] did in his Opinion, list the litany of abuses foisted on the Links by Mauz, we frankly find it a waste of judicial resources to spill any further ink on Mauz's meritless contentions."[11]

Having reviewed the record, we agree that it is a "waste of judicial resources to spill any further ink on Mauz's meritless contentions," and we will therefore affirm the judgment of the District Court substantially for the reasons set forth in the Court's well-reasoned opinion.

## IV.

For the reasons set forth above, we will affirm the decision of the District Court.

---

[7] *In re Conte*, 33 F.3d 303, 305 (3d Cir. 1994).

[8] *In re Braen*, 900 F.2d 621, 626 (3d Cir. 1990).

[9] *In re Mauz*, 532 B.R. 589, 594–98 (Bankr. M.D. Pa. 2015).

[10] Although Mauz goes to excruciating lengths to manufacture eleven claims of error in his appeal of the Bankruptcy Court's order, the District Court concluded that Mauz is only raising one claim of error: that the Bankruptcy Court erred in determining that Mauz's debt was nondischargeable because it arose from a willful and malicious injury. Because we agree with the District Court's characterization of Mauz's claim, this is the only error we consider on appeal.

[11] *Mauz v. Link*, No. 1:15-CV-1363, 2016 WL 108065, at *2 (M.D. Pa. Jan. 11, 2016).