**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2219
_____

In re: BRIAN RICHARD MCCABE


J. CONOR CORCORAN,
                              Appellant
                    v.

BRIAN RICHARD MCCABE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-16-cv-05792)
Honorable Petrese B. Tucker, U.S. District Judge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on August 17, 2021

Before: KRAUSE, MATEY, and RENDELL, *Circuit Judges*


(Opinion filed: August 18, 2021)


_____

OPINION[*]
_____

_____

  [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Conor Corcoran filed an adversary proceeding in Bankruptcy Court seeking a determination that defamation damages imposed by the Pennsylvania Court of Common Pleas ("CCP") against Chapter 13 debtor Brian McCabe were not dischargeable under 11 U.S.C. § 523(a)(6)'s exception for debts arising from "willful and malicious injury." At trial, the Bankruptcy Court determined that this exception did not apply and the District Court affirmed. Because Corcoran has not established that McCabe inflicted a "willful and malicious injury" within the meaning of § 523(a)(6), we will affirm.

## I. Jurisdiction and Standard of Review

The District Court had jurisdiction to review the Bankruptcy Court's final order under 28 U.S.C. § 158(a)(1). We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. "We exercise plenary review over the District Court's appellate review of the Bankruptcy Court's decision and exercise the same standard of review as the District Court in reviewing the Bankruptcy Court's determinations." *In re Miller*, 730 F.3d 198, 203 (3d Cir. 2013) (quotations and citations omitted).

## II. Discussion

A debt is not dischargeable under § 523(a)(6) of the Bankruptcy Code if it results from a debtor's "willful and malicious injury," which requires a finding that "the actor

2

purposefully inflicted the injury or acted with substantial certainty that injury would result." *In re Conte*, 33 F. 3d 303, 305 (3d Cir. 1994). We construe this exception "liberally . . . in favor of debtors," *In re Cohn*, 54 F.3d 1108, 1113 (3d Cir. 1995), and Corcoran must establish that it applies "by a preponderance of the evidence," *id.* at 1114 (citing *Grogan v. Garner*, 498 U.S. 279, 287-88 (1991)).

The Bankruptcy Court determined that Corcoran did not meet this burden because he provided only circumstantial evidence that McCabe posted the defamatory message at issue and no evidence that McCabe acted willfully and maliciously. Corcoran does not challenge this determination on appeal, but rather urges that the CCP's finding of willful and malicious injury should be given preclusive effect.

But as the District Court correctly concluded, "[n]either the default judgment, nor the punitive damages award, included a finding that McCabe inflicted a 'willful and malicious injury' within the meaning of § 523(a)(6)." J.A. 8. The CCP's default judgment as to liability is not entitled to preclusive effect because it "lacks the requisite element that it be actually litigated." *McGill v. Southwark Realty Co.*, 828 A.2d 430, 435 (Pa. Commw. Ct. 2003).[1] The CCP's imposition of punitive damages is not dispositive because, under Pennsylvania law, punitive damages may be awarded in a defamation case on a finding of either recklessness or knowledge of the statement's falseness. *See Joseph v. Scranton Times L.P.*, 129 A.3d 404, 430, 437 (Pa. 2015). The CCP's damages opinion

---

[1] The CCP ruled based on Pennsylvania law, so Pennsylvania law governs the preclusive effect of that ruling. *See Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 145 (3d Cir. 1999).

is also not dispositive because, while the CCP determined that McCabe was "fully apprised" of the statement's falseness when he published it, we have held that "act[ing] deliberately with knowledge of a high degree of probability" that harm will occur is "less than substantial certainty" as required under § 523(a)(6). *Conte*, 33 F.3d at 307. Because the issue the CCP decided is not "identical with the one presented" here, collateral estoppel does not apply. *Safeguard Mut. Ins. Co. v. Williams*, 345 A.2d 664, 668 (Pa. 1975).

Corcoran also argues that the Bankruptcy Court erred by not admitting a copy of the damages hearing transcript into evidence. The Bankruptcy Court concluded that the transcript was inadmissible, and the District Court agreed. But we need not reach that issue because the transcript contains no finding of willful and malicious injury either. The Bankruptcy Court "reviewed the Statements [in the transcript] and concluded that none of them could possibly be construed as an admission that [McCabe] posted the Defamatory Message, much less that [he] intended to cause a willful and malicious injury." J.A. 93. We agree. Even if we disagreed with the Bankruptcy Court's ruling, because the Bankruptcy Court's decision not to admit the transcript did not "affect the outcome of the case," it was at most harmless error. *GN Netcom, Inc. v. Plantronics, Inc.*, 930 F.3d 76, 88 (3d Cir. 2019) (internal quotation omitted).

### III. Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.

4