In the Matter of Petition of BEIS-WENGER ENTERPRISES CORP., Petitioner,

v.

Kathleen CARLETTA, and the Estate and Minor Children of George Myers, Respondents/Claimants.

No. 91–149–Civ.–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

April 21, 1999.

Timothy Peter Shusta, Hayden & Milliken, P.A., Tampa, FL, James E. James E. Ross & Associates, Houston, TX, for Matter of Petition of Beiswenger Enterprises Corp.

Gary D. Fox, Stewart, Tilghman, Fox & Bianchi, P.A., Miami, FL, Robert Henry Dillinger, Law Office of Robert H. Dilling-

er, St. Petersburg, FL, for Kathleen Carletta.

Gary D. Fox, Stewart, Tilghman, Fox & Bianchi, P.A., Miami, FL, Robert Henry Dillinger, Law Office of Robert H. Dillinger, St. Petersburg, FL, Dennis Anthony Lopez, Dennis A. Lopez, P.A., Tampa, FL, for Pauline Walls, Shante Myers.

## ORDER ON RESPONDENTS/CLAIMANTS' MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, Chief Judge.

This cause is before the Court on Respondents/Claimants' Motion for Summary Judgment and memorandum of law in support (Dkt.120), and the response (Dkt.122).

### STANDARD OF REVIEW

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A material fact is one which "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The evidence presented must be construed in favor of the non-moving party, and that party must receive the benefit of all favorable inferences that can be drawn from that party's evidence. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Evans v. Meadow*

*Steel Products, Inc.*, 579 F.Supp. 1391, 1394 (N.D.Ga.1984). The court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Liberty Lobby, Inc.*, 477 U.S. at 249, 106 S.Ct. 2505. If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial, summary judgment should be granted. *Jones v. Gerwens*, 874 F.2d 1534, 1538 (11th Cir. 1989) (citing *Celotex*, 477 U.S. at 324–25, 106 S.Ct. 2548).

### FACTUAL BACKGROUND

This case arises out of an accident which occurred on December 4, 1990, when the decedent, George Myers, and Claimant Kathleen Carletta went for a double parasail ride off Clearwater Beach, Florida. The motor vessel in this instance was the M/V Skyrider Express, which was owned and operated by the Petitioner, Beiswenger Enterprises Corp. (BEC) (Dkt.120).

While Myers and Carletta were in the air, parasailing, the weather conditions changed, causing the vessel to be unable to retrieve the gondola and the passengers from the air, so the towline was severed. However, as the vessel was approaching the passengers, to retrieve them from the water, two events occurred: first, the canopy filled with a gust of wind and rose from the water, and secondly, the towline wrapped itself around one of Decedent's ankles. Fourteen days later Mr. Myers died from injuries sustained from this event. Kathleen Carletta, Claimant, also maintains that she suffered damages as a result of this incident.

The case went to trial in state court in August, 1997. The jury found for the Claimants and against Petitioner, awarding a total $4,462,374 in damages. Pursuant to the decisions of this Court and the Eleventh Circuit Court of Appeals, as well as stipulations entered into by Claimants, the matter is now before the Court for a

determination of whether Petitioner can limit its liability.

### ANALYSIS

Respondents/Claimants, Kathleen Carletta and Elnora Myers, as the Personal Representative of the Estate of George Myers, move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure because the pleadings, depositions, and sworn testimony before the Court demonstrate that Petitioner cannot establish the absence of knowledge and privity necessary to permit it to limit its liability under 46 U.S.C.App. § 183(a).

■ When the issues of exoneration and limitation are both tried in federal district court, the trial is a two-step process. First, the court must determine whether there was negligence on the part of the shipowner, its agents or employees which was a proximate cause of the injury or damage in question. Second, the court must determine whether, with respect to the negligence that produced the injury, there was knowledge or privity on behalf of the shipowner. *American Dredging Co. v. Lambert*, 81 F.3d 127, 129 (11th Cir. 1996); *Hercules Carriers, Inc. v. Claimant State of Florida*, 768 F.2d 1558, 1563–64 (11th Cir.1985). Here, because the questions of negligence and causation were determined by the state court jury, the only remaining question is whether there was knowledge or privity on behalf of Petitioner with regard to that negligence.

### I. Testimony Taken in State Court

■ Respondents/Claimants rely on testimony taken in the state court proceeding to support their motion for summary judgment. Trial testimony, even when from a proceeding in which the parties, subject matter, and counsel are not the same can be used because it is sworn testimony which is at least as reliable as that found in affidavits. *Langston v. Johnson*, 478 F.2d 915, 917 n. 17 (D.C.Cir. 1973). Deposition testimony from another action may be relied upon on summary judgment where, as here, the case involved the same parties and subject matter. Fed. R.Civ.P. 32(a)(4); *Western Land Corp. v. Crawford–Merz Co.*, 62 F.R.D. 550, 554 (D.Minn.1973). Additionally, both of these forms of evidence are usable under the general rule that any evidence which is admissible at trial can be used on summary judgment. *Cash Inn of Dade, Inc. v. Metropolitan Dade County*, 938 F.2d 1239, 1242 (11th Cir.1991); Fed.R.Civ.P. 32(a)(4). As such, testimony from the state court proceedings used in Respondents/Claimants' motion for summary judgment will be considered.

### II. Knowledge and Privity as a Matter of Law

■ Where, as here, a vessel is owned by a corporation, knowledge or privity for limitation purposes means the knowledge or privity of a managing agent, officer or supervisory employee. *American Dredging Co.*, 81 F.3d at 129; *Hercules Carriers Inc.*, 768 F.2d at 1563–64. A master's knowledge or privity prior to the commencement of each voyage is "deemed conclusively the privity or knowledge of the owner." 46 U.S.C.App. § 183(e). Since Petitioner was a managing agent or supervisory employee of BEC, his knowledge and privity is the knowledge and privity of BEC. Therefore, it is BEC's burden to prove that it did not have knowledge or privity. *American Dredging Co.*, 81 F.3d at 130; *Hercules Carriers, Inc.*, 768 F.2d at 1564.

■ "Knowledge or privity of any fact or act causing the accident is not enough for denial of limitation, it is only knowledge or privity of negligent acts or unseaworthy conditions which trigger a denial of limitation." *Farrell Lines, Inc. v. Jones*, 530 F.2d 7 (5th Cir.1976). Although the issue of negligence was determined by the state court, the issue of knowledge or privity of those negligent acts is still undetermined. Therefore, since Respondents/Claimants previously stipulated that

the Petitioner would have the right to litigate the issue of whether it is entitled to limit its liability under the provisions of the Limitation of Liability Act, 46 U.S.C.App. § 181 et seq. (Dkts. 108 and 109), no relief is warranted.

### III.  Conclusion

The Court finds, after considering the motions, stipulations, and case law, that Petitioner has the right to litigate the issue of whether it is entitled to limit its liability under the provisions of the Limitation of Liability Act, 46 U.S.C.App. § 181 et. seq.  Accordingly, it is

**ORDERED** that Respondents/Claimants' Motion For Summary Judgment (Dkt.120) is **denied.**