In re Clarence M. **CONNER** and Gail C. Conner, Debtors.

John F. **Wrobel**, Jr. and Leslie Wrobel, Plaintiffs,

v.

Clarence M. Conner and Gail C. Conner, Defendants.

Bankruptcy No. 03–22769BM.

Adversary No. 03–2411BM.

United States Bankruptcy Court, W.D. Pennsylvania.

Dec. 17, 2003.

C. Kurt Mulzet, Beaver, PA, for Plaintiffs.

Robert R. Druzisky, Pittsburgh, PA, for Defendants.

### MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

John and Leslie Wrobel, plaintiffs in this adversary action, have brought a motion for summary judgment with respect to their assertion that a debt owed to them by debtors Clarence and Gail Conner is excepted from discharge by § 523(a)(6) of the Bankruptcy Code. They contend that the debt is for a willful and malicious injury debtors inflicted on them during the course of an action plaintiffs brought in state court to quiet title to land over which a portion of debtors' driveway runs.

Debtors oppose the motion. They steadfastly deny that the debt owed is for a willful and malicious injury on their part and insist that it is dischargeable.

Plaintiffs' motion for summary judgment will be granted for reasons elaborated in this memorandum opinion.

### — FACTS —

Debtors, who are husband and wife, live in a mobile home on a tract of land located in Freedom, Pennsylvania. They purchased the property on August 20, 1979, and have lived there continuously ever since. Because the tract is set back from the highway, vehicular access to it is possible only by a driveway.[1]

---

1. Some of the facts recited here are derived from the official dockets in the state court action to quiet title and in this adversary action. The remaining facts are derived from a transcript of the uncontroverted testimony of John Wrobel at the hearing on plaintiff's request for counsel fees. Although Rule 56(c) does not expressly contemplate use of a certified transcript of a prior judicial proceeding, it may be considered when deciding a motion for summary judgment. *See Kelley v. Price–* *Macemon, Inc.,* 992 F.2d 1408, 1415 n. 12 (5th Cir.1993), *cert. denied,* 510 U.S. 1043, 114 S.Ct. 688, 126 L.Ed.2d 656 (1994); *also Kraft General Foods, Inc. v. Cattell,* 18 F.Supp.2d 280, 285 (S.D.N.Y.1998); *Williams v. Vasquez,* 62 Fed.Appx. 686 693 (7th Cir. 2003). It is at least as reliable as testimony found in a sworn affidavit. *Beiswenger Enterprises Corp. v. Carletta,* 46 F.Supp.2d 1297, 1299 (M.D.Fla.1999).

Plaintiffs live on a tract of land that is contiguous to debtors'. They purchased the property in the early 1990s. A portion of debtors' driveway, which debtors have used continuously since they purchased their property in August of 1979, is situated on plaintiffs' property.

Plaintiffs apparently were not aware when they purchased their property that a portion of debtors' driveway crossed it. They learned of this only after they had their property surveyed in the mid–1990s. By then debtors had been using the driveway for some sixteen years or thereabouts.

Plaintiffs spoke to debtors shortly after the survey was completed and informed debtors that a portion of debtors' driveway ran across plaintiffs' property. Plaintiffs expressed concern that debtors might claim ownership to that portion of their driveway through adverse possession and said that they would "have to come up with something" before twenty-one years had passed. Nothing was more apparently was said about the matter at that time.

After consulting with an attorney, plaintiffs approached debtors and proposed leasing to debtors for one dollar per year that portion of their property over which debtors' driveway ran. Debtors peremptorily rejected the proposal and responded that plaintiffs would "have to take [them] to court" to resolve the matter. At some time thereafter, debtors approached plaintiffs and inquired whether plaintiffs would be willing to sell that portion of the driveway to them. Plaintiffs responded that they were not.

After debtors stubbornly refused to come to an agreement with them, plaintiffs eventually brought an action to quiet title on August 18, 2000, in the Court of Common Pleas of Beaver County, Pennsylvania. To prevent debtors from asserting ownership of the contested portion of the driveway through adverse possession, the action was commenced two days before the twenty-first anniversary of debtors purchase of their property. In addition to seeking a judicial determination that plaintiffs owned the disputed portion of the driveway debtors used, plaintiffs requested pursuant to 42 Pa. C.S.A. § 2503(6) an award of counsel fees and expenses they would incur in prosecuting the action.

Debtors asserted in their answer to the complaint that they owned the disputed portion of land by adverse possession. They also claimed to have a prescriptive easement allowing them to use it.

Seeking to avoid a protracted and costly lawsuit, plaintiffs offered to settle the dispute on more than one occasion during the pendency of the lawsuit.

Plaintiffs first offered to construct another driveway situated entirely on debtors' property *at no cost debtors*. Debtors summarily rejected the offer.

Plaintiffs then proposed allowing debtors to use the portion of debtors' driveway that ran across plaintiffs' property *free of charge* for as long as both plaintiffs and debtors resided on their respective properties, provided that debtors executed a written agreement to that effect. Once again debtors dismissively rejected the proposal.

Had debtors accepted either of these proposals instead of summarily rejecting them, plaintiffs would not have brought the action to quiet title or, as the case may be, would have had it voluntarily dismissed.

Aside from inquiring whether plaintiffs were willing to sell the disputed portion of the driveway to them, debtors took no initiative in attempting to amicably resolve their dispute with plaintiffs.

On May 14, 2001, plaintiffs' motion for summary in their favor and against debtors was granted in the Court of Common

Pleas of Beaver County, Pennsylvania with respect to that portion of the complaint seeking to quiet title to the disputed portion of the driveway. It was granted without prejudice to plaintiffs' request for an award of counsel fees and expenses in accordance with 42 Pa.C.S.A. § 2503.

An evidentiary hearing on plaintiffs' request for counsel fees was held on November 4, 2003. The only witness called to testify at the hearing was plaintiff James Wrobel. Debtors were in attendance but their attorney was not. When their request for a continuance was denied, debtors acted as their own counsel at the hearing and cross-examined Mr. Wrobel. They offered no evidence in opposition to plaintiffs' motion for summary judgment.

Although they answered the complaint in the action to quiet title, debtors (or their attorney) otherwise did not actively participate in the action. They did not appear at the pretrial conference and did not submit a pretrial statement. Moreover, debtors did not submit a brief in opposition to plaintiffs' summary judgment motion and neither they nor their attorney bothered to appear for oral argument on the motion.

On November 14, 2003, the state court issued a decision wherein it determined that debtors' conduct from August 2001[2] to May of 2002, had been "dilatory, obdurate and vexatious". It found in favor of plaintiffs and against debtors and awarded plaintiffs counsel fees and expenses in the amount of $5,718.69. A judgment in this amount was entered on the record on December 24, 2002.

Instead of requesting reconsideration or appealing the judgment, debtors filed a voluntary joint chapter 7 petition on March 7, 2003. The schedules accompanying their petition list assets having a total declared value of $33,908.00[3] and liabilities totaling $43,702.91. Plaintiffs in this adversary action are listed as having an undisputed secured claim in the amount of $5,718.00, the amount of the above judgment against them.

Plaintiffs commenced this adversary action on June 12, 2003, seeking a determination that the debt owed to them by debtors in the amount of $5,718.69 is excepted from discharge by § 523(a)(6) of the Bankruptcy Code. According to plaintiffs, the debt is for a willful and malicious injury to plaintiffs or their property.

Plaintiff bought a motion for summary judgment in this adversary action on October 17, 2003. Oral argument on the motion and debtors' opposition thereto was heard on November 21, 2003.

## — DISCUSSION —

Summary judgment is mandated when:

... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Federal Rule of Civil Procedure 56(C).

A fact is "material" for purposes of Rule 56(c) if, under the applicable substantive

**2.** We are left to wonder whether this year is the result of a typographical error. Plaintiffs commenced the action to quiet title in May of 2000. Whether the correct year 2000 or 2001, however, is of no significance for the decision rendered in this memorandum opinion.

**3.** Included among debtors' assets was their real property, which they asserted had a value of $9,800. We previously determined that the property has a value of $61,000 in deciding an objection by the Wrobels to debtors' attempt to avoid their judicial lien on the theory that the lien impaired the exemption debtors had taken in the property.

law, it is "outcome determinative". *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). An issue is "genuine" for such purposes if, based on the evidence presented, a reasonable jury could find in favor of the non-moving party on to that issue. *Id.*

The standard for summary judgment "mirrors" the standard for a directed verdict under Federal Rule of Civil Procedure 50(a). A verdict shall be directed if, under the applicable substantive law, "there can be but one reasonable conclusion as to the verdict". *Id.,* 477 U.S. at 250, 106 S.Ct. at 2510.

Regardless of which party would have the burden of persuasion at trial, the moving party has the burden of demonstrating that there are no genuine issues of material fact. If, however, the non-moving party would have the burden of persuasion at trial, the moving party may satisfy its burden by demonstrating that the evidentiary materials of record would not suffice to enable the non-moving party to meet its burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327–28, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986).

Once the moving party has demonstrated that there are no genuine issues of material fact, the non-moving party then must come forward with "specific facts showing that there is a genuine issue for trial". *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986).

We must view the facts in a light most favorable to the non-moving party when considering a motion for summary judgment. *Beers–Capitol v. Whetzel,* 256 F.3d 120, 130 n. 6 (3d Cir.2001). The non-moving party may not rest on entirely conclusory allegations if it is to successfully avoid a summary judgment, but must

instead point to facts demonstrating that there is a genuine issue of material fact. Federal Rule of Civil Procedure 56(e); also *Anderson v. Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. at 2510.

Issues of credibility can defeat a motion for summary judgment only where an issue of material fact cannot be resolved without observing the demeanor of witnesses at trial to evaluate their credibility. *Schoonejongen v. Curtiss–Wright Corp.,* 143 F.3d 120, 130 (3d Cir.1998). Concerns about credibility, in other words, cannot defeat a summary judgment motion when the moving party has demonstrated that there are no genuine issues of material fact.

Notwithstanding any concerns about credibility, summary judgment is especially appropriate when the non-moving party has presented no evidence that would enable a reasonable jury to find in its favor. *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1355–56.

The evidence plaintiffs offered in support of their motion for summary judgment in this adversary action consisted almost entirely of a certified copy of the official transcript of the November 4, 2002, evidentiary hearing on their motion for an award of counsel fees and expenses in the action to quiet title. Debtors, by contrast, merely insisted that the debt they owe plaintiffs as a result of that evidentiary hearing is not a debt for willful and malicious injury to plaintiffs or their property. They did *not,* however, offer any evidence that might show that there is a genuine issue of material fact remaining for trial.

— II —

Plaintiffs seek a determination that the debt for counsel fees and expenses owed to them by debtors is excepted from dis-

charge by § 523(a)(6) of the Bankruptcy Code, which provides in part as follows:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—. . . .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6).

■ A creditor objecting to the discharge of a debt owed to it by a debtor has the burden of proving, by a preponderance of the evidence, that the debt falls within the scope of one of the numerous exceptions to discharge found at § 523(a) of the Bankruptcy Code. *Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991).

■ It is not sufficient for purposes of § 523(a)(6) that the debtor acted intentionally and that a resulting injury was negligently or recklessly inflicted upon another entity or its property. *Kawaauhau v. Geiger,* 523 U.S. 57, 64, 118 S.Ct. 974, 978, 140 L.Ed.2d 90 (1998). The phrase "willful and malicious" modifies the word "injury". This implies that § 523(a)(6) requires a deliberate or intentional *injury,* not a deliberate or intentional act that merely happens to result in injury. *Id.,* 523 U.S. at 61, 118 S.Ct. at 977.

Aside from concluding that a debtor must intend to injure another entity or its property, the Supreme Court did not specify in *Kawaauhau* the precise state of mind necessary for purposes of the willful-and-malicious-injury requirement of § 523(a)(6). *Petralia v. Jercich (In re Jercich),* 238 F.3d 1202, 1207 (9th Cir.), *cert. denied,* 533 U.S. 930, 121 S.Ct. 2552, 150 L.Ed.2d 718 (2001).

Post-*Kawaauhau* appellate court decisions appear to take either of two approaches to this issue, one "subjective" and the other "objective". Under the subjective approach, an injury is willful and malicious for purposes of § 523(a)(6) only if the debtor subjectively intended to cause injury or subjectively believed that injury was a substantially certain consequence of his or her deliberate action. *In re Jercich,* 238 F.3d at 1208; *Via Christi Regional Medical Center v. Englehart (In re Englehart),* 2000 WL 1275614, *2–3 (10th Cir. 2000); *Markowitz v. Campbell (In re Markowitz),* 190 F.3d 455, 465 n. 10 (6th Cir. 1999).

Under the so-called objective approach, an injury is willful for purposes of § 523(a)(6) only if the debtor subjectively intended to cause injury or there was an objective substantial certainty of injury as a consequence of his or her deliberate action. *Matter of Miller,* 156 F.3d 598, 604 (5th Cir.1998), *cert. denied,* 526 U.S. 1016, 119 S.Ct. 1249, 143 L.Ed.2d 347 (1999). Emphasis is placed under this approach on the assessment of the finder of fact of the likelihood of injury instead of the debtor's knowledge or belief. *In re Englehart,* 2000 WL 1275614 at *3.

■ Regardless of which of these approaches we adopt here [4], we conclude

---

4. The Third Circuit has not visited this issue since *Kawaauhau* was decided. In a 1994 decision, however, it articulated a standard which seems to retain its vitality. It could be argued that the in *Conte v. Gautam,* 33 F.3d 303 (3d Cir.1994), the Third Circuit adopted the so-called objective approach. Actions are willful and malicious for purposes of § 523(a)(6), it held, "if they either have a purpose of producing injury or have a sub- stantial certainty of producing injury". *Id.,* 33 F.3d at 307. This formulation bears a closer resemblance to the standard articulated in *Matter of Miller* than it does to the standard articulated in *In re Jercich.* We need not, however, decide whether this in truth is the position of the Third Circuit in order to decide the summary judgment motion now before us.

from the evidence presented by plaintiffs in support of their motion for summary judgment in this adversary action that the debt for counsel fees and expenses debtors owe to plaintiffs was for a willful and malicious injury to plaintiffs or their property. Debtors subjectively intended to injure plaintiffs as a result of their conduct during the action to quiet title or subjectively believed that such injury was a substantial certainty of their conduct. Alternatively, even if debtors did not subjectively so intend or so believe, there was an objective substantial certainty of such injury as a result of their conduct during the action to quiet title.

The provision under which plaintiffs successfully proceeded in obtaining an award of counsel fees in the action to quiet title provides as follows:

> The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter....
>
> (6) Any participant who is awarded counsel fees as a sanction against another participant for violation of any general rule which expressly prescribes the award of counsel fees as a sanction for dilatory, obdurate or vexatious conduct during the pendency of the matter.

42 Pa.C.S.A. § 2503(6).

Plaintiffs in this adversary action maintain that the debt for counsel fees owed to them by debtors is excepted from discharge by § 523(a)(6) of the Bankruptcy Code and that they therefore are entitled to a summary judgment in their favor. While a plausible argument can be made that, as a matter of law, a debt owed for dilatory, obdurate or vexatious conduct *ipso facto* is a debt for willful and malicious injury for purposes of § 523(a)(6), our resolution of plaintiffs' motion for summary judgment does not require us to adopt such a general principle.

The parties in this adversary action have not cited to any judicial decisions which address this particular matter. Our own research has not unearthed any such decision. Resolution of plaintiffs; motion for summary judgment, however, fortunately does not require us to plow new ground and to adopt such a *per se* principle of law. We instead conclude, based on undisputed material facts that debtors' conduct during the pendency of the action to quiet title, which conduct the state court determined was dilatory, obdurate and vexatious, gave rise to a debt for willful and malicious injury to plaintiffs or their property for purposes of § 523(a)(6).

In a nutshell, our review of debtors conduct during the course of the action to quiet title compels us to conclude that they acted as they did with the sole intention of injuring plaintiffs by prolonging the lawsuit against them for as long as possible and leaving plaintiffs with no alternative but to incur substantial legal fees and expenses in order to prevail.

To begin with, debtors had to know (or should have known) that their asserted defenses of adverse possession and prescriptive easement were manifestly groundless and that they ultimately would be on the losing side of the dispute.

■ One who claims title ownership of real property by adverse possession must prove actual, continuous, exclusive, visible, notorious and hostile possession of the property for a period of twenty-one years. *Croyle v. Dellape*, 832 A.2d 466, 475 (Pa.Super.2003). A claimant who has so possessed the property for less than twenty-one years may "tack" on its immediate predecessor's period of adverse possession, provided that there is privity between them. *Id.*

■ A prescriptive easement is a right to use another's property which is not inconsistent with the rights of the owner and which is acquired by means of a use that is open, notorious and uninterrupted for a period of twenty-one consecutive years. *Sobien v. Mullin,* 783 A.2d 795, 798–99 (Pa.Super.2001).

Adverse possession and prescriptive easement share in common the requirement that the claimant be in possession of the property for a period of twenty-one years. It was (or should have been) manifestly obvious to debtors when they answered the complaint in the action to quiet title that they had not satisfied this requirement. They purchased their property on August 20, 1979, and began using the contested portion of the driveway at that time. Plaintiffs, however, commenced the action to quiet title on August 18, 2000, two days before the twenty-first anniversary of debtors' initial use of the driveway. Debtors undoubtedly were aware of this when they answered the complaint.

It would be of no help to debtors with respect to the outcome of the present summary judgment motion that the person from whom they had purchased their property also used the disputed portion of the driveway for many years. To begin with, debtor Clarence Conner admitted in a deposition that he had no idea whether the previous owner of their property had permission to use the disputed portion of the driveway or whether his use of it was adverse and hostile. Debtors also stated as much in their answer to interrogatories served upon them by plaintiffs. Moreover, the previous owner stated in a sworn affidavit in the action to quiet title that he had permission to use the disputed portion of the driveway. Debtors, in other words, should have known that they were not in a position to "tack" on the hostile possession of the previous owner to support the asser-

tion in their answer to the complaint that they owned the disputed portion of the driveway by adverse possession or had a prescriptive easement to use it.

We infer from the above that debtors had to know when they answered the complaint in the action to quiet title that their asserted defenses were without merit. In spite of this, they persisted in opposing plaintiffs with the intention of leaving plaintiffs with no alternative but to incur legal fees and costs in prosecuting the matter and asserting their legal rights.

Debtors' conduct prior to the commencement of the action to quiet title supports this conclusion. When plaintiffs informed debtors that a survey revealed that a portion of debtors' driveway ran across plaintiffs' property, plaintiffs proposed leasing that portion of the driveway to debtors for a mere one dollar per year. Debtors rejected the offer and curtly responded that plaintiffs would have to take them to court to resolve the matter. Moreover, debtors' inquiry thereafter whether plaintiffs would be interested in selling the disputed portion of the driveway indicates that debtors were aware that they had no rights to it by adverse possession of by a prescriptive easement.

Other conduct by debtors during the pendency of the action to quiet title further supports the inference that debtors acted vexatiously and willfully and maliciously intended to prolong the action to quiet title and to leave plaintiffs with no alternative but to incur substantial legal fees and expenses in asserting their rights to the property.

Wishing to avoid incurring such legal fees and expenses, plaintiffs made two proposals during the pendency of the action to quiet title to settle the dispute. They offered to build, at *no cost to debtors,* another driveway situated entirely on debtors' property. Plaintiffs also proposed to allow

debtors to use the disputed portion of the driveway, *again at no cost to debtors*, for as long as plaintiffs and debtors resided on their respective properties, provided debtors executed an agreement to that effect which would be duly recorded. Obviously having no intention of amicably resolving the dispute, debtors outright rejected the proposals.

The matter does not end there. Still additional support for this conclusion is discernable in debtors the manner on which debtors participated as defendants in the action to quiet title. Aside from asserting patently meritless defenses to the complaint, debtors were inactive in the action to quiet title. They neither appeared at the pre-trial conference nor bothered to file a pre-trial statement. Moreover, they did not submit a brief in opposition to plaintiffs' summary judgment motion in the action to quiet title nor bothered to appear for oral argument on the motion. As is the case with all of the above examples, such conduct compellingly indicates that debtors knew all along that plaintiffs would prevail in the case and chose instead to maximize the cost to plaintiffs in finally prevailing.

Aside from adamantly denying in a wholly conclusory fashion in this adversary action that the above considerations unequivocally demonstrate that the debt they owe to plaintiffs was for a willful and malicious injury for purposes of § 523(a)(6) of the Bankruptcy Code, debtors offered nothing in opposition to plaintiffs' motion for summary judgment in the present case. More precisely, debtors offered nothing of evidentiary value which might show, even after all the facts are viewed in a light most favorable to them, that there is any genuine issue of material fact remaining to be tried. If they are to avoid a summary judgment, however, defendants cannot rely upon wholly conclusory assertions in their pleadings; they instead have to point to specific facts establishing that a genuine issue of fact remains to be tried. Federal Rule of Civil Procedure 56(e); *Anderson v. Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510.

We conclude in light of the foregoing that plaintiffs in this adversary action are entitled as a matter of law to a summary judgment in their favor and against defendants.

An appropriate order shall issue.

### ORDER OF COURT

**AND NOW,** at Pittsburgh this *17th* day of *December*, 2003, for reasons elaborated in the foregoing memorandum opinion, it hereby is **ORDERED, ADJUDGED,** and **DECREED** that **SUMMARY JUDGMENT** is **ENTERED** in favor of plaintiffs John F. Wrobel and Leslie Wrobel and against debtors Clarence Conner and Gail Conner. The debt in the amount of $5,718.69 debtors owe to plaintiffs is **EXCEPTED FROM DISCHARGE.**

It is **SO ORDERED.**