In the Matter of Ian A.
ELWOOD, Debtor.

Peter Innaurato and Michele
Innaurato, H/W, Plaintiffs–
Appellants,

v.

Ian A. Elwood, Defendant–Appellee.

Civ.A. No. 04–3562.

United States District Court,
E.D. Pennsylvania.

Jan. 11, 2005.

Peter Innaurato, Michele Innaurato, Broomall, PA, pro se.

Keith S. Erbstein, The Beasley Firm, Philadelphia, PA, for Plaintiff.

Ian A. Elwood, Bryn Mawr, PA, James D. Moran, Philadelphia, PA, for Defendant.

## MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

## I. Introduction

Before me is an appeal filed by plaintiffs/appellants Peter and Michele Innaurato ("the Innauratos") seeking to vacate judgment entered in favor of defendant/appellee Ian Elwood ("Elwood") by the United States Bankruptcy Court for the Eastern District of Pennsylvania in an adversary proceeding brought in the context of Elwood's Chapter 7 bankruptcy proceedings. The Innauratos argue that the Bankruptcy Court wrongly declared that Elwood's debt to them was dischargeable. In particular, the Innauratos argue that the debt was based upon a "willful and malicious injury" caused by Elwood and is therefore nondischargeable under 11 U.S.C. § 523(a)(6). For the reasons that follow, I will affirm the order of the Bankruptcy Court and deny the appeal.

## II. Factual Background

On April 1, 2000, Elwood lent Natalie Petrella ("Petrella") the keys to his 1986 Jeep so that Petrella could pick up her boyfriend at the nearby Bryn Mawr station. He did this knowing that Petrella was sixteen years old and did not have a driver's license. In addition, Petrella was unfamiliar with the rules of the road and had not obtained a learner's permit. However, Elwood had allowed Petrella to drive the car on ten previous occasions. Nothing in the record suggests that these previous drives resulted in car accidents or injury.

Petrella successfully picked up her boyfriend at the station. However, on her return trip she made a left turn into oncoming traffic without first looking for approaching vehicles, believing that any vehicles coming from the opposite direction would be required to yield. She crashed into a 1997 Honda Accord driven by Peter Innaurato and in which Michele Innaurato was a passenger. The Innauratos claim injuries stemming from that collision.

## III. Standard of Review

■ Jurisdiction exists pursuant to 28 U.S.C. § 158(a)(1). A bankruptcy court's factual findings may only be set aside if they are clearly erroneous. *See IRS v. Pransky*, 318 F.3d 536, 542 (3d Cir.2003). I review the bankruptcy court's legal conclusions *de novo*. *Id.*

## IV. Discussion

■ Section 523(a)(6) of the Bankruptcy Code provides that debts "for willful and malicious injury by the debtor to another entity or to the property of another entity" are not dischargeable. 11 U.S.C. § 523(a)(6). As written, the word "willful" modifies the word "injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). Therefore, nondischargeability requires a "deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Id.* The requirement is, in that respect, similar to common law intentional torts, which "generally require that the actor intend 'the *consequences* of an act,' not simply 'the act itself.' " *Id.* at 61–62, 118 S.Ct. 974 (quoting *Restatement (Second) of Torts* § 84, cmt. a, p. 15). Thus, "debts arising from recklessly or negligently inflicted injuries do not fall within

the compass of § 523(a)(6)." *Id.* at 64, 118 S.Ct. 974. At the very least, to fall within the nondischargeability exception, the debtor must have "acted with substantial certainty that injury would result." *In re Conte,* 33 F.3d 303, 305 (3d Cir.1994).

In the instant case, for section 523(a)(6) to apply, Elwood must have permitted Petrella to drive his car with the intent of causing injury or with a substantial certainty that injury would result. There is perhaps some question as to whether an injury may be "willful" for purposes of § 523(a)(6) if, regardless of a debtor's subjective belief, there is an objective substantial certainty that injury will result from a debtor's deliberate action. *See In re Conner,* 302 B.R. 509, 514 (Bankr.W.D.Pa.2003) (discussing objective and subjective approaches taken by courts after *Kawaauhau,* 523 U.S. 57, 118 S.Ct. 974). However, under either the subjective or objective approach, Elwood did not act with a substantial certainty that injury would result. I therefore need not resolve the question.

The Bankruptcy Court appeared to consider solely whether Elwood subjectively believed that injury was a substantially certain consequence of his deliberate act of permitting Petrella to drive his car. The court relied on the fact that Petrella had driven Elwood's car on ten previous occasions and concluded that Elwood did not believe that the act was substantially certain to result in injury. The court's finding that Elwood did not subjectively believe there was a substantial certainty of injury is supported by the record and not clearly erroneous.[1]

Under an objective interpretation of the willfulness requirement, if, under the cir-

cumstances, Elwood's act of permitting Petrella to drive his car was objectively substantially certain to result in injury, then injuries stemming from that act would be "willful" within the meaning of § 523(a)(6). However, a reasonable person in Elwood's situation, knowing that Petrella had driven the car on ten previous occasions without incident, would not believe that the act of lending her the keys once again would be substantially certain to result in injury such that the act would be akin to committing an intentional tort. *See Kawaauhau,* 523 U.S. at 62, 118 S.Ct. 974 (disapproving of interpretations of § 523(a)(6) that would include "intentional" act of turning steering wheel without first checking for oncoming traffic and "knowing breach of contract"). Therefore, while Elwood's actions may well have been reckless, the Innauratos' injuries were not "willfully" caused by Elwood within the meaning of § 523(a)(6) and the debt is dischargeable.

## V. Conclusion

For the reasons described above, the Innauratos injuries were not "willfully" caused by Elwood within the meaning of § 523(a)(6) and therefore the debt is dischargeable. The decision of the bankruptcy court is affirmed and the appeal is denied.

### ORDER

**AND NOW,** this 11th day of January 2005, it is hereby **ORDERED** that the decision of the bankruptcy court is **AFFIRMED** and the appeal is **DENIED.**

---

**1.** Appellants point to testimony showing that before handing her the keys, Elwood made Petrella promise that "nothing was going to happen;" however, this shows only that El-

wood was aware that lending his car to an unlicensed driver entailed certain risks, not that it was substantially certain to result in injury.